## ANNETTE BARRETTA *v.* OTIS ELEVATOR COMPANY ET AL.
## (14659)

Dupont, C. J., and Hennessy and Stoughton, Js.

Argued April 3—officially released June 25, 1996

*Bernadette M. Keyes,* with whom was *Thomas F. Keyes, Jr.,* for the appellant (substitute plaintiff).

*L. Douglas Shrader*, with whom was *Kelley Franco*, for the appellee (named defendant).

STOUGHTON, J. The substitute plaintiff, Giacomo Barretta, executor of the estate of Annette Barretta (plaintiff), appeals from the judgment in favor of the named defendant, Otis Elevator Company (defendant),[1] in an action seeking damages for injuries sustained by Annette Barretta (Barretta) when she fell on an escalator that was in the control of the defendant. The plaintiff claims on appeal that the trial court improperly refused to charge the jury on the doctrine of res ipsa loquitur.

The amended complaint stated a product liability claim under General Statutes § 52-572m et seq., alleging both strict liability and negligence. The defendant denied the material allegations of the complaint and filed a special defense alleging contributory negligence, after which the issues were joined and the case tried to a jury.

The jury could reasonably have found the following facts. On the evening of August 24, 1990, Barretta and her husband went to Milford Jai Alai, Inc., with another couple. During the evening, Barretta and the other woman went downstairs to purchase ice cream. To return to their seats on the upper level, they stepped onto the ascending escalator, with the other woman in the lead. The escalator came to a sudden stop and Barretta fell, sustaining injuries.

The plaintiff requested a charge on the doctrine of res ipsa loquitur. The trial court declined to charge on

---

[1] Annette Barretta initially commenced this action to recover damages against Milford Jai Alai, Inc., and Otis Elevator Company. On May 8, 1993, Barretta died from causes unrelated to the injuries she suffered in the fall at issue. Thereafter, the action continued with her executor, Giacomo Barretta, as substitute plaintiff. On July 20, 1994, the action was withdrawn as against Milford Jai Alai, Inc., and the case proceeded to trial on an amended complaint solely against Otis Elevator Company.

the doctrine. Interrogatories were submitted to the jury, the first two of which inquired whether the plaintiff had proven that the escalator was defective and whether the defendant was negligent as alleged. The jury was instructed to answer no further interrogatories if it concluded that the defendant had not been proven negligent. Succeeding interrogatories were addressed to proximate cause, contributory negligence and comparative responsibility. The jury answered that the escalator had not been proven defective and that the defendant had not been proven negligent, and, therefore, it returned a verdict for the defendant.

The plaintiff presented no direct evidence that would have established that the defendant was negligent as alleged. The plaintiff claims, however, that, in the circumstances of this case, he was entitled to a charge on res ipsa loquitur because the testimony that the escalator stopped suddenly for no apparent reason, if believed, was sufficient for the jury to infer negligence under that doctrine. See *Malvicini* v. *Stratfield Motor Hotel, Inc.*, 206 Conn. 439, 441–42, 538 A.2d 690 (1988). The defendant asserts that in the absence of evidence sufficient to prove what caused the escalator to stop, the jury cannot infer that the defendant's negligence is the most plausible explanation for Barretta's injury, and that the trial court properly refused to give the requested charge. We agree with the plaintiff.

A party is entitled to a charge on the doctrine of res ipsa loquitur "when three conditions are satisfied: ' "(1) [t]he situation, condition, or apparatus causing the injury must be such that in the ordinary course of events no injury would result unless from a careless construction, inspection or user[;] (2) [b]oth inspection and user must have been at the time of the injury in the control of the party charged with neglect[;] (3) [t]he injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party

injured." *Schurgast* v. *Schumann*, [156 Conn. 471, 479, 242 A.2d 695 (1968)] . . . .' " (Citations omitted.) *Giles* v. *New Haven*, 228 Conn. 441, 446–47, 636 A.2d 1335 (1994). Whether the doctrine applies is a question of law for initial determination by the court. *Malvicini* v. *Stratfield Motor Hotel, Inc.*, supra, 206 Conn. 443.

The first condition is clearly satisfied in this case. Ordinarily, an escalator does not suddenly stop while people are riding on it unless someone has been negligent. See generally *Giles* v. *New Haven*, supra, 228 Conn. 448; *Malvicini* v. *Stratfield Motor Hotel, Inc.*, supra, 206 Conn. 443; *Killian* v. *Logan*, 115 Conn. 437, 441, 162 A.2d 30 (1932).

The second requirement, that both the inspection and user must have been in the control of the party charged, is satisfied if the plaintiff adduces evidence from which the court can properly determine that a jury could reasonably draw an inference that it is more probable than not that the person whose negligence caused the injury was the defendant and not some other party or agency. *Giles* v. *New Haven*, supra, 228 Conn. 451; *Malvicini* v. *Stratfield Motor Hotel, Inc.*, supra, 206 Conn. 443.

Here, the parties agree that the defendant was in control of the escalator, but the defendant suggests that there are plausible explanations other than its negligence that might explain what occurred. Whether these explanations are plausible depends upon evaluation of the testimony, which is the function of the jury. *Champagne* v. *Raybestos-Manhattan, Inc.*, 212 Conn. 509, 554, 562 A.2d 1100 (1989). For the control condition to be satisfied, all that is necessary is that the plaintiff produce sufficient evidence from which a reasonable person could say that, on the whole, it is more likely than not that it was the negligence of the defendant that caused the occurrence. *Giles* v. *New Haven*, supra,

228 Conn. 451. The possibility of other causes does not have to be eliminated completely. See id.

With respect to the third requirement, that the event must have occurred "irrespective of any voluntary action at the time by the party injured," the defendant argues that if there is any evidence of negligence on the part of Barretta, an instruction on res ipsa loquitur cannot be given. We disagree. Our Supreme Court recently modified the third requirement in light of General Statutes § 52-572h. In *Giles* v. *New Haven*, supra, 228 Conn. 455, the court held that whenever a court can reasonably find that the event is one that ordinarily would not have occurred in the absence of someone's negligence, and that the defendant's inferred negligence was more probably than not a cause of the injury, the doctrine of res ipsa loquitur applies even though the plaintiff's negligence may also have contributed to the injury. In such a case, the comparative negligence statute would apply. Id. We conclude that the jury could have found that Barretta fell and was injured irrespective of any voluntary action on her part. The three conditions were satisfied in this case.

The defendant argues, however, that the plaintiff was not entitled to a charge on res ipsa loquitur in any case because the first sentence of the plaintiff's preliminary request to charge "incorrectly stated that res ipsa loquitur was a theory upon which the jury's verdict could be based." The defendant argues that "[f]ollowing the court's charge, the plaintiff did not take exception to the court's refusal to charge as requested." Rather, according to the defendant, the plaintiff generally took "exception for failure to charge on the doctrine of res ipsa loquitur." The defendant argues that the request to charge was, therefore, inadequate. We disagree.

The defendant correctly asserts that the doctrine of res ipsa loquitur is simply an application of the general

principle that negligence can be proved by circumstantial evidence. *Schurgast* v. *Schumann*, supra, 156 Conn. 480–81. This, however, does not render the plaintiff's preliminary request to charge inadequate. We conclude that the preliminary request to charge on the doctrine was adequate for its purpose.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.