[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court as the result of an action brought by the plaintiff Laurie Nargi against the defendant Stop and Shop for injuries she sustained while shopping at their supermarket in North Haven on March 20, 1992.
Mrs. Nargi alleges that her injuries were sustained when a 12 ounce can of frozen orange juice fell from an upright freezer striking her on the top of her right foot. Her testimony was that she opened the freezer door and while leaning against the door with her right shoulder she reached up to an upper shelf and with her right hand removed the can of juice. At that time she testified that several other cans fell to the floor, one of them striking her as indicated. Claiming that she was embarrassed by the incident she merely replaced the fallen cans and never reported the accident to the manager or any of the other employees of the store.
The plaintiff did not seek any medical treatment for a period of ten or eleven months. Her first visit to a doctor for treatment of the injuries sustained was to Dr. Pressman in February 1993. She also failed to report any injuries to any doctors she was treating with during that period of time. It should be noted that she was treating with an orthopedic surgeon, a Dr. Naiman, at the very time the injury occurred. This treatment was for a weakness to her right wrist that might be the CT Page 4143 result of possible ligament damage. Dr. Naiman prescribed that she wear a splint on her wrist. The accident occurred the following day and the plaintiff was not wearing the splint prescribed by her doctor. It should also be noted that when she reached into the freezer to obtain the can of frozen orange juice she did so with her right hand.
The plaintiff's theory of liability is based on the theory of res ipsa loquitur, i.e., that the facts speak for themselves. The doctrine permits one to infer negligence when no direct evidence of negligence has been introduced. "The doctrine of res ipsa loquitur is a rule of common sense and not a rule of law which dispenses with proof of negligence. It is a convenient formula for saying that a plaintiff may in some cases sustain the burden of proving that the defendant was more probably negligent than not by showing how the accident occurred, without offering any evidence to show why it occurred . . ., The result is simply that such proof without proof of further facts tending to show negligence satisfies the plaintiff's duty of producing evidence sufficient to permit the trier whether court or jury to draw an inference of negligence . . . The doctrine permits but does not compel such an inference. . . . . . The doctrine has no evidentiary force, does not shift the burden of proof and does not give rise to a presumption. It is but a specific application of the general principal that negligence can be proved by circumstantial evidence" . . . Barretta v. Otis Elevator Co.,242 Conn. 169, 173. (Internal citations omitted).
The leading case in Connecticut on res ipsa loquitur is Gilesv. New Haven, 228 Conn. 441, 636 A.2d 135, (1996), See Pineau v.Home Depot Inc., 45 Conn. App. 248, 255, 695 A.2d 14, (1997). The Giles court articulated the test for res ipsa loquitur as follows: "The doctrine of res ipsa loquitur applies when three conditions are satisfied:, (1) [t]he situation, condition, or apparatus causing the injury must be such that in the ordinary course of events no injury would result unless from a careless construction, inspection or user; (2) [b]oth inspection and user must have been at the time of the injury in the control of the party charged with neglect; (3) [t]he injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured.". . . . (citations and internal quotations omitted). Giles v. New Haven, supra 228 Conn. 446. "Whether the doctrine applies is a question of law for the court," id. 447. CT Page 4144
The first condition is met if the accident would not have occurred unless someone has been negligent, id. 447. The second condition, the aspect of control, is met if the plaintiff adduces evidence from which the court, "as a matter of law, can properly determine that a jury could reasonably draw an inference that it is more probable than not that the person whose negligence caused the injury was the defendant and not some other party or agency," id. 449-450. A "party's negligence may be inferred when other responsible causes are sufficiently eliminated by the evidence . . . the critical inquiry is not whether the defendants control was exclusive but whether the defendant was responsible for the injury." id 451. As for the third condition, that the injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured, does not prohibit the application of res ipsa whenever the injured party is somehow negligent. Rather since the "advent of comparative negligence, res ipsa loquitur now applies even if the plaintiff's fault contributed to the injury . . ." (Citations omitted) id 455.
"Whether res ipsa loquitur applies depends upon whether the defendant's negligence was the most plausible explanation for the plaintiff's injury; the doctrine does not apply if there are other reasonable explanations for the plaintiff's accidental injury . . ." (Citations omitted). Mezes v. Mead,48 Conn. App. 323, 328, 729 A.2d 597 (1998).
The testimony that was elicited during the course of the trial shows that the plaintiff did not seek medical attention for the injury sustained, for a period of ten or eleven months, eventually seeking assistance the following February. At that time she saw Dr. Pressman, a podiatrist. The plaintiff is a nurse by profession and would therefore have a better knowledge of medicine than the average person and it would seem should have sought medical attention much sooner that she died.
At the time of the incident nor at any time thereafter was the Stop and Shop Co. notified of the accident or the injury she sustained.
Dr. Pressman's intake history disclosed that the injury was caused by the plaintiff dropping an object on her foot. Mrs. Nargi denied giving such a statement to Dr. Pressman who testified that that was the information given to him by the patient. The statement however was in the plaintiff's own CT Page 4145 handwriting.
On the day prior to the incident the plaintiff went to a Dr. Naiman because of a weakness in her right wrist possibly caused by ligament damage. Dr. Naiman prescribed the wearing of a splint on her right wrist. Mrs. Nargi's testimony was that she did not recollect treating with Dr. Naiman. In any event, it was the day following her visit to his office and after going shopping without wearing the prescribed splint that the injury occurred. Furthermore on subsequent visits to Dr. Naiman she failed to tell him of the injury to her foot, an injury that occurred when she reached up with her weakened right hand to procure a can of frozen orange juice.
The plaintiff treated with other doctors in addition to Dr. Naiman, subsequent to this accident and before treating with Dr. Pressman, but failed to mention her injury to them.
The court cannot upon the evidence presented find that it is more probable than not that the person causing the injury was the defendant. Other responsible causes have not been sufficiently eliminated by the evidence adduced. The court finds no evidence presented, from which one can adduce that the cause of the accident was due to the defendant's conduct. It is true that the management and control were in the hands of the defendant but his negligence, if any, is not the most plausible explanation for the plaintiff's injury. There are other reasonable explanations for the plaintiff's accidental injury. It is more plausible for the court to conclude that the injury was sustained due to the weakened condition of her right hand and wrist. The evidence discloses that she opened the door to the freezer with her right hand, leaned her right shoulder against the door to hold it open and reached up to take a can of orange juice with her right hand, the hand and wrist that she was treating with Dr. Naiman, for a weakness of the same wrist and dropped the can of frozen orange juice upon her foot.
The Court finds for the defendant and judgment may enter accordingly.
THE COURT
CURRAN, J. CT Page 4146