[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff ("Ness") in his Second Amended Complaint alleges in the First Count that the City of New Haven ("the City") maintained and controlled The New Haven Green ("The Green"). On August 29, 1993 at approximately 12:30 a.m. o'clock Ness was walking on the Green when he stepped on a circular grate covering a drain which gave way beneath his weight causing him to fall through into the drain.
Ness alleges in paragraph 6 of his Second Amended Complaint that the drain was defective in that it was weak and unable to withstand the weight of persons stepping onto it.
In paragraph 7 of his Second Amended Complaint he alleges the City knew or should have known of the dangerous defective and unsafe condition of the circular grate covering the drain.
Essentially the allegations of paragraph 7 above alleges a defective and unsafe grate covering the drain.
Ness has the burden of proof to introduce evidence that the grate was defective and unsafe.
In this case Ness argues that he is invoking the Res Ipsa Loquitur Doctrine since he fell into the drain when the grate gave way as he was running through the Green to catch up with his friends in the early hours of the morning. Ness is an extremely large man who weighs about 230 pounds and is 6'5" tall.
Ness asks the court to invoke the doctrine of Res Ipsa Loquitur citing Giles v. City of New Haven,228 Conn. 441 as authority. He argues that even though the plaintiff has not introduced any direct evidence of the defendant's negligence (See Malvicini v. Stratford Motel. Inc., 206 Conn. 439, CT Page 13367 441-442) the court nonetheless may draw such an inference. Ness argues that Ness has presented sufficient evidence to bring him within the doctrine of Res Ipsa and that the city had the burden to go forward with evidence to explain the accident.
The City argues that the doctrine of Res Ipsa Loquitur ("Res Ipsa") is a rule of common sense not a rule of law which dispenses with proof of negligence. Barretta v. OtisElevator Co., 242 Conn. 169, 173 (1997).
The City argues that under Barretta the doctrine permits but does not compel such an inference. Id. The doctrine has no evidential force, does not shift the burden of proof and does not give use to a presumption. Ness argued that the doctrine of Res Ipsa allows the fact finder to infer negligence based upon the circumstances of the particular incident even though the plaintiff has not introduced direct evidence.
The City argues that following elements must be met to invoke the doctrine (See Mezes v. Mead, 48 Conn. App. 523, 337 (1998)
(a) No injury would have occurred unless from careless construction, inspection or use.
(b) Both inspector and user were to have been at time in control by the party charged with neglect.
(c) Injuries, occurrences or condition must have happened irrespective of involuntary action at time by party injured.
The City argues that under Mezes Id. at 338 a reasonable explanation for the plaintiffs injuries is that this large heavy man Ness by running through the green pounced on the grate which gave way.
In Pineau v. Home Depot, Inc., 45 Conn. 248, 258,695 A.2d 14 (1997) the court did not give a Res Ipsa instruction where the plaintiff was not relying solely on circumstantial evidence. In this case, Ness alleged as pointed out above that it was a defective grate that caused the injury without any offer of proof. Certainly with adequate investigation one could learn the type of grate used in this case. CT Page 13368
Accordingly, the court will not apply the doctrine of Res Ipsa Loquitur in this case.
The plaintiff alleged in paragraph 1 lathe various ways that the plaintiff asserted the City was negligent. No credible proof was given to support any of the claims other than the testimony of the plaintiff. Accordingly, judgment is entered in favor of the defendant on the First Count.
The Second Count of the Amended Complaint asserts a Public Nuisance. The plaintiff Ness failed to argue this in his court ordered Post Trial Brief.
The City argued:
 "The following six elements must be met to prove a public nuisance: 1. the condition complained of had a natural tendency to create danger and inflict injury upon person or property; 2. the danger created was a continuing one; 3. the use of the land was unreasonable or unlawful; 4. the existence of the nuisance was a proximate cause of the plaintiffs injuries; 5. the condition or conduct complained of interfered with a right common to the general public; 6. the defendant's intentional conduct caused the condition deemed to be a nuisance. State v. Tippetts-Abbot-McCarthy-Stratton, 204 Conn. 177, 183 (1987). Specifically, a municipality must be shown to have both created and maintained a nuisance for there to be liability. Lukas v. New Haven, 184 Conn. 205, 209 (1981). The failure to remedy a condition not of the municipality's own making is insufficient to warrant a public nuisance. Id.
There was no evidence that the grate had a natural tendency to create danger or inflict injury; that the danger was a continuing one; that it was unreasonable or unlawful for a grate covering a drain on the Green.
The court does not conclude that the nuisance was the proximate cause of the plaintiffs injuries.
The City further argues that Ness was contributorily negligent by choosing to run to meet his friends through the Green rather than choosing to walk to meet his friends on the paved walkways provided through the Green at midnight, and that his voluntary actions were more likely to cause his injuries.
The court agrees with the defendant's arguments as briefed. CT Page 13369
Accordingly, judgment may enter in favor of the defendant on the First and Second Count of the Second Amended Complaint.
Frank S. Meadow Judge Trial Referee