Mary A. Watson, Plaintiff, *v.* Compagnie Generale Transatlantique, Defendant.

City Court of New York, New York County, August 16, 1932.

*Alger, Peck & Grafton,* for the plaintiff.

*Joseph P. Nolan,* for the defendant.

Ryan, J. Motion by defendant to dismiss the complaint and to set aside the verdict of the jury found in favor of the plaintiff awarding her the sum of $1,200 as damages.

Plaintiff was a passenger on defendant's vessel *France.* While in the act of taking a bath in accommodations furnished her in exchange for those previously contracted for she was severely burned. On the day in question before she had entered the tub the plaintiff had turned on both " hot " and " cold " water faucets and had let the water run. Turning off the faucets and getting into the tub she found the water not sufficiently warm, and while in that position turned on the " hot " water faucet and " almost boiling hot water " came out of the faucet, and thus caused her to suffer burns. Plaintiff had on several days previous to that time used the same bathtub and fixtures. There is no claim on the part of the plaintiff that any of the fixtures or appliances connected with the facilities provided for bathing were defective, and her cause of action is based primarily on the state of facts briefly recited above.

Defendant claims the plaintiff has not made out a *prima facie* case and that the complaint should be dismissed. Does the mere happening of the accident in the manner described make a *prima facie* case, permitting the jury to infer negligence and calling upon the defendant to offer sufficient explanation of the occurrence to rebut any inference of negligence.

The leading case in this State on the doctrine of *res ipsa loquitur* (*Griffen* v. *Manice*, 166 N. Y. 188, [1901]) contains a careful discussion of the foundation of the doctrine. The plaintiff's intestate was killed when the defendant's elevator failed to stop at the lowest floor, and the counterweight fell upon him. " Primarily, it is argued that the principle which usually passes under the name of ' *res ipsa loquitur*,' applies only to cases where the relation between the parties is the contractual one of carrier or bailee, or in which the party injured has been injured while on a public highway * * * this claim * * * is unfounded, and the application of the principle depends on the circumstances and character of the occurrence, and not on the relation between the parties, except indirectly so far as that relation defines the measure of duty imposed on the defendant. * * * The ' *res*,' therefore, includes the attending circumstances, and, so defined, the application of the rule presents principally the question of the sufficiency of circumstantial evidence to establish, or to justify the jury in inferring, the existence of the traversable or principal fact in issue, the defendant's negligence. The maxim is also in part based on the consideration that where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present " (pp. 192, 193). " That no such accident could ordinarily have occurred had the elevator machinery been in proper condition and properly operated seems to me very plain. The court was, therefore, justified in permitting the jury to infer negligence from the accident, construing, as I do, the term accident to include not only the injury but the attendant circumstances " (p. 197). Thus the rule is founded on a strong inference from the mere occurrence of the accident that the defendant has been negligent, and upon the latter's exclusive control, management and knowledge of the apparatus which caused the injury.

The doctrine of *res ipsa loquitur* has been applied when a guest at a hotel was injured by plaster falling from the ceiling of his room (*Morris* v. *Zimmerman*, 138 App. Div. 114 [1st Dept. 1910]), where the defendant's stairway fell (*Storms* v. *Lane*, 223 App. Div. 79 [4th Dept. 1928]), where an elevator door, ordinarily protected by an automatic device, opened when the elevator was not at the landing (*Gustavson* v. *Thomas*, 227 App. Div. 303 [1st Dept. 1929]), and where a steam pipe burst in the defendant's apartment house (*Kessler* v. *The Ansonia*, 253 N. Y. 453 [1930]). The defendant in this case relies on *Hollander* v. *Hudson* (152 App. Div. 131 [1st Dept. 1912] for the proposition that there must be evidence on

the part of the plaintiff which would infer negligence on the part of the defendant before the rule of *res ipsa loquitur* can be applied. Without questioning that decision, it is sufficient here to point out that the court there expressly excepted from its statement of that proposition, situations in which the relation of carrier and passenger existed (p. 133). There can be no question here that such relationship existed in this case. Almost conclusive precedent for this case is not wanting.

In *Hansen* v. *United Stores Realty Corp.*, per TAYLOR, J., Supreme Court, Westchester county, the plaintiff was scalded by hot water from a shower when she turned the single tap-handle between the words " hot " and " cold." The court held that the doctrine of *res ipsa loquitur* applied to the lessee and managing operator of the hotel in which the plaintiff was a guest. The Appellate Division (232 App. Div. 764) reversed an order of TAYLOR, J., directing a new trial because of the excessive verdict, and entered judgment for the plaintiff upon a stipulation for a reduction of the damages. This was affirmed by the Court of Appeals without opinion (257 N. Y. 584). The fact that in this case there were separate water taps for hot and cold water, whereas there was but one in the *Hansen* case, and that the plaintiff here turned on the " hot " water tap alone, whereas in the *Hansen* case the plaintiff turned the indicator between " hot " and " cold," is insufficient to detract from the force of the precedent. The plaintiff here complains of the excessive temperature of the hot water. The defendant's duty was to furnish water that was not so hot that it would severely burn one who used it. In the ordinary course of events the accident would not have happened unless the defendant was negligent in operating its water system. Thus the inference is strong that the defendant was negligent. The water system, bathroom appliances and fixtures were in the exclusive management and control of the defendant, and it should have had knowledge of the cause of the excessive temperature of the hot water.

The requirements for the application of the doctrine of *res ipsa loquitur* as laid down in the cases mentioned (*supra*) are thus met, and the plaintiff established a *prima facie* case upon which the jury could find the defendant negligent, and defendant's motion to set aside the verdict is denied. Exception to defendant. Fifteen days' stay and thirty days to make a case.