[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action against three companies for negligent installation of cable television lines which allegedly resulted in a fire at a residence owned by the plaintiff. The third and fourth counts are against the defendant Atlantic Coast Cable, Inc. (Atlantic). Atlantic has filed a motion to strike the fourth count of the complaint. The third count alleges negligence against Atlantic, and paragraph eleven states five specific acts of negligence. The fourth count attempts to plead a cause of action in res ipsa loquitur. It states in paragraphs ten, eleven and twelve that no injury would have resulted without negligent installation of cable television by Atlantic, its agents or employees, that they were in control of the premises when the cable television was installed, and that damage to the dwelling occurred without any voluntary action by the plaintiff. Paragraphs thirteen and fourteen state that as a result of "said negligence" the dwelling and its contents were damaged and that the circumstances of the damage "affords sufficient proof that the damage resulted from the defendant's negligence." Atlantic claims that the fourth count does not state a valid, independent cause of action.
Under the rules of pleading in this state, separate and distinct causes of action, as distinguished from separate and distinct claims for relief founded on the same cause of action, are to be pleaded in separate counts. Section 138, Connecticut Practice Book. Even if the plaintiff is correct that res ipsa loquitur is a doctrine which allows the claimant to prove negligence without direct proof of the cause of the negligence, it is not a distinct cause of action from the underlying negligence claim alleged in the third count of the complaint. Since it is not a separate cause of action it cannot be pleaded in a separate count. Burgess v. Vanguard Insurance Co.,192 Conn. 124, 125-26; Viets v. Hartford, 134 Conn. 428, 438-39. A motion to strike can be used the to challenge the legal sufficiency of a count in a complaint. Mingachos v. CBS, Inc.,196 Conn. 91, 108; Coste v. Riverside Motors, Inc., 24 Conn. App. 109,111; Section 152(1), Connecticut Practice Book. CT Page 6279
The doctrine of res ipsa loquitur is extensively discussed in Malvicini v. Stratfield Motor Hotel, Inc., 206 Conn. 439,441-43. It is a rule of common sense and not a rule of law which dispenses with proof of negligence, and is a method of proving that the defendant was more probably negligent than not by showing how the accident occurred without offering any evidence to show why it occurred. Id. 442; Schurgast v. Schumann, 156 Conn. 471, 479. Where the three conditions for application of the doctrine are shown, they satisfy the plaintiff's duty of producing evidence sufficient to permit the trier to draw an inference of negligence. Malvicini v. Stratfield Motor Hotel, Inc., supra, 442; Ruerat v. Stevens,113 Conn. 333, 337. The doctrine is an application of the general principle that negligence can be proved by circumstantial evidence. Malvicini v. Stratfield Motor Hotel, Inc., supra, 442; Lowman v. Housing Authority, 150 Conn. 665, 670. The three conditions for applying the doctrine are as follows: "(1) The situation, condition, or apparatus causing the injury must be such that in the ordinary course of events no injury would result unless from a careless construction, inspection or user. (2) Both inspection and user must have been at the time of the injury in the control of the party charged with neglect. (3) The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured." Malvicini v. Stratfield Motor Hotel, Inc., supra, 443; Schurgast v. Schumann, supra, 479.
The plaintiff has pleaded the essential elements for a claim of res ipsa loquitur in the fourth count of the complaint, but that does not mean that it is a valid independent cause of action. In order to rely upon the doctrine of res ipsa loquitur it is not necessary to allege it in the complaint, and a plaintiff does not lose the right to rely upon the doctrine by pleading specific acts of negligence. Jump v. Ensign-Bickford, Co., 117 Conn. 110, 122; Schurgast v. Schumann, supra, 479. The plaintiff has not identified any decision of the Supreme Court or Appellate Court which holds that the doctrine of res ipsa loquitur is itself a cause of action or that it can be separately stated from a cause of action for negligence. In fact, it is nothing more than an evidentiary rule or method of proving negligence by circumstantial evidence. Malvicini v. Stratfield Motor Hotel, Inc., supra, 442.
While a plaintiff may rely upon the doctrine without CT Page 6280 pleading it, there appears to be no reason why a plaintiff cannot plead its essential factual allegations as part of a valid negligence count contained in the complaint. However, it cannot survive independently as an additional count for negligence in a complaint which already contains a negligence count based on the same facts.
The motion to strike the fourth count of the complaint is granted.
ROBERT A. FULLER, JUDGE