[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
In this case the plaintiff obtained a jury verdict of $30,000, when chair in which, he attempted to sit, while in the defendant's class collapse.
The defendant seeks to set the verdict aside on the basis that the case should not have been submitted to the jury as a res ipsa loquitur case, specifically, on the ground that one of the essential elements of res ipsa loquitur, control, was lacking.
It should be noted at the outset that the defendants answer admits paragraph six of the complaint, namely "The said chair-desk was maintained and within the control of the defendant" while the defendant's answer to paragraph six reads, "it is admitted that the subject chair-desk was kept and maintained in a classroom at the defendant's facility and to that extent the defendant controlled said chair desk." "The balance of the allegations of paragraph six are denied," the court finds no balance to paragraph' six, to which the denial would apply.
In support of his argument the defendant cites the case ofMalvicini v. Stratford Motor Hotel, Inc., 206 Conn. 439, in which the Supreme Court upheld the trial court's refusal to change the jury on the res ipsa loquitur theory. In that case, the plaintiff was scalded by hot water while taking a shower. The Supreme Court discussed in detail the lack of evidence with respect to the nature or method of the shower faucets, mixing valves or devices in the shower or faucet, the method or condition of the system which channeled water to the shower, the existence and/or condition of a boiler or whether it had a mixing valve or control on it. After such meticulous detail, the court went out to say at page 447, "we cannot say that the evidence rises to the quality of "more probable than not" on the control condition of the doctrine to justify submitting the issue of res ipsa loquitur to the jury."
The court finally went on to say that "the trial court, in viewing CT Page 7860 all of the evidence, could not reasonably assume that the lack of evidence going to the control condition of the doctrine could be supplied by the jurors from their own experience. It true that the trier of fact is entitled to draw all reasonable and logical inferences from the evidence. (citations omitted). `Jurors are not expected to lay aside matters of common knowledge or their own observation and experience of the affairs of life, but, on the contrary, to apply them to the evidence or facts in hand, to the end that their action may be intelligent and their conclusions correct.
The instant case is not a case whether or not the control condition involving knowledge of mixing valves or devices or a hot water system in a hotel, or hot water boiler, and the other factors detailed by the Supreme Court could be supplied by jurors' own experience. This was a simple chair which collapsed when the plaintiff sat in it. The jury using its experience and intelligence, could reasonable conclude that it was more probable than not that the chair collapsed due to the defendant's negligence.
Finally, the defendant excepted to the portion of the court's charge wherein, after stating the court three conditions upon which the doctrine of res ipsa loquitur rested, stated, that if the jury found the three conditions satisfied, the burden of offering a reasonable explanation was on the defendant and unless the defendant offered such, the doctrine gave the plaintiff the right to a verdict. This language was taken right out of Wrights Jury Instructions. Apart from this, however, the court went on to state that the doctrine did not permit a presumption of negligence, but simply allowed the jury to draw an inference of negligence. This the court stated several time in the charge, and stayed finally, that the doctrine did not require the jury to draw such an inference that the defendant was negligent. It merely permitted it to do so, if it found that the defendant had failed to produce evidence sufficiently strong to rebut such influence. The burden of proof still remained with the plaintiff. It did not shift to the defendant.
"A charge to a jury is to be considered in its entirety, as a whole, and judged by its total effect rather than by its individual component parts. Van Steensburg v. Lawrence Memorial Hospital,194 Conn. 507.
The motion to aside is denied. CT Page 7861