[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
Plaintiff, Zuka Kowas, alleges a cause of action of negligence in the Third Count of her complaint and a cause of action of res ipsa loquitur in the Fourth Count of her complaint against the defendant, Coca-Cola Bottling, resulting from injuries allegedly sustained when a display of beverage bottles in a Stop Shop supermarket fell on her.
Pursuant to Practice Book section 10-39 et seq., Coca-Cola Bottling moves to strike the Fourth Count of Kowas' complaint on two grounds. First, Coca-Cola Bottling argues that the count is legally insufficient as a matter of law because res ipsa loquitur is a doctrine of evidence and not a cause of action separate and distinct from a negligence claim. Second, Coca-Cola Bottling argues that the facts alleged by Kowas in her complaint are not sufficient to invoke the doctrine of res ipsa loquitur because she has failed to allege the requisite level of control.
The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." NovametrixMedical Systems, Inc., v. BOC Group, Inc., 224 Conn. 210, 214, (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id. at 215. The court must "construe the facts in the complaint most favorably to the plaintiff." Id. A motion to strike is properly granted "if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id.
In Connecticut, the doctrine of res ipsa loquitur "permits a jury to infer negligence when no direct evidence of negligence has been introduced." Malvicini v. Stratfield Motor Hotel, Inc.,206 Conn. 439, 441-42 (1988). Accordingly, res ipsa loquitur is a doctrine of evidence and not a cause of action separate and distinct from a negligence claim. Stated another way, res ipsa loquitur is a method to prove negligence as opposed to being a separate tort in and of itself. Since Kowas has pleaded negligence against Coca-Cola Bottling in the Third Count, the Fourth Count should be stricken. Proof relating to the display of bottles as alleged in the Fourth Count is properly admissible to CT Page 603 prove the negligence alleged in the Third Count.
Accordingly, the motion to strike the Fourth Count is granted.[1]
So Ordered at New Haven Connecticut this 12th day of January, 1999.
Robert J. Devlin, Jr. Judge of the Superior Court