[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 143)
Before the court is the defendant's motion for summary judgment of an action arising out of a fire that occurred in a vacation home owned by Brian and Phyllis Wasko. According to the complaint, at the time of the fire the defendant, James Manilla, was using the home with the Waskos' permission. The home is insured by Middlesex Mutual Assurance Company (the insurance company). During the defendant's stay at the Waskos' home, he placed ashes from the fireplace into a bag, and subsequently placed that bag on the front porch of the home. The plaintiff's allege that as a result of this conduct, the home sustained extensive fire damage. As a result of the loss, the Waskos received insurance proceeds from the insurance company. The Waskos then subrogated their rights, to recover their damages from the defendant tortfeasor, to the insurance company. The Waskos instituted this action, and on March 26, 1997, substituted the insurance company as the real party in interest to seek reimbursement of the money it paid to the Waskos. In the three-count amended complaint, the insurance company asserts causes of action against the defendant for negligence, recklessness and under the theory of res ipsa loquitur.
CT Page 12644 The defendant now moves for summary judgment. The defendant filed a memorandum of law in support of his position, supported by an affidavit. The defendant's motion is premised on three grounds. First, the defendant asserts that a homeowner's insurance carrier does not have a right of subrogation against a guest for negligent destruction of the insured property. Second, the defendant asserts that a recklessness claim cannot be maintained in this subrogation action because the punitive damages available in a claim for recklessness would exceed the amount the insurance company paid to the Waskos. Furthermore, the defendant contends that the insurance company has failed to allege facts sufficient to state a claim of recklessness. Finally, the defendant asserts that res ipsa loquitur cannot be pleaded as a separate cause of action. The insurance company filed an objection to the defendant's motion for summary judgment and a memorandum in opposition, a copy of the subrogation releases from the Waskos, and a copy of the pertinent part of the insurance contract. The insurance company opposes summary judgment on the ground that a right of subrogation does exist, and, therefore, the motion for summary judgment should be denied.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000)
On the issue of the right of subrogation, the defendant argues that, as a social guest of the homeowners, he is a co-insured under their insurance policy. Therefore, the defendant argues, the insurance company cannot be subrogated to the rights of the Waskos because the insurance company would in essence be seeking reimbursement from its own insured. In response, the insurance company argues that the Waskos had a right to sue the defendant for the damage he allegedly caused, the defendant is not an insured under the Waskos' insurance policy and thus it can pursue a subrogation action against the defendant.
"Subrogation is a doctrine which equity borrowed from the civil law and administers so as to secure justice without regard to form or mere technicality. . . . It is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by CT Page 12645 latter." (Citations omitted; internal quotation marks omitted.) FirstTaxing District v. National Surety Co., 97 Conn. 639, 642, 118 A.2d 96
(1922); see also Rosenblit, Trustee v. Williams, 57 Conn. App. 788, 793, ___ A.2d ___ (2000)
"Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity." (Internal quotation marks omitted.) TallmadgeBros. v. Iroquois Gas Transmission System, 252 Conn. 479, 498,746 A.2d 1277 (2000)
In the present case, the Waskos' insurance policy provides in pertinent part: "`insured' means you and residents of your household who are: a. your relatives; or b. other persons under the age of 21 and in the care of any person named above." (Pl. Memo., Ex. D.) The defendant did not submit evidence showing that he falls into either of the above categories. Instead, the defendant argues that a social guest is akin to a tenant, and that the trend among the courts is to treat a tenant as a co-insured. The effect would be to bar an insurance carrier from seeking reimbursement from the tenant. See Royal Insurance Co. v. Saloomey,
Superior Court, judicial district of Hartford at Hartford, Docket No. 572377 (November 2, 1999, Hennessey, J.) (holding that absent an express agreement to the contrary, "a tenant is an "implied co-insured' under the landlord's insurance policy, and the insurance company may not, therefore, bring an action for subrogation against the tenant."). The defendant concedes that he did not have a landlord/tenant relationship with the Waskos. Nonetheless, he argues that other courts have extended the landlord/tenant bar to social guests. The cases the defendant cites in support of his argument, however, have a common thread that is absent in the present case: a close familial relationship between the insured and the social guest.[1] Indeed, the Waskos' insurance policy provides for such a scenario by explicitly providing coverage for family members. There is no dispute that the defendant was not a member of the Waskos' family and was an unrelated social guest. Therefore, the defendant is not a co-insured under the Waskos' policy, and the insurance company is entitled to pursue its action against him. Therefore, summary judgment is denied as to count one.
With respect to the recklessness claim, the defendant argues that the insurance company cannot seek damages from the defendant that exceed the amount it actually paid out to the Waskos. "The doctrine of equitable subrogation rests on the premise that the party seeking payment has in fact paid the amount that it seeks to recover from the party whose actions caused the harm. [Westchester Fire Ins. Co. v. Allstate Ins.Co., 236 Conn. 362, 373, 672 A.2d 939 (1996)1. This doctrine does not CT Page 12646 apply to an attempt to recover more that what was paid to the insured party." Greene v. Black Decker, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 075137 (March 11, 1998, Hodgson,J.) (21 Conn.L.Rptr. 431, 432). The defendant contends that a recklessness claim is a claim for punitive damages and notes that the insurance company has not alleged that it paid punitive damages to the Waskos. In addition, the statute defining the scope of fire insurance policies issued to homeowners limits an insurer's right of subrogation as follows: "Subrogation. [The Insurance] Company may require from the insured an assignment of all rights of recovery against any party for the loss to the extent that payment is made by this Company." (Emphasis added.) General Statutes § 38a-307. Therefore, the insurance company cannot recover on a cause of action that would allow it to recover punitive damages from the defendant. Accordingly, summary judgment is granted as to count two.
The insurance company's third count, brought under the res ipsa loquitur theory, is also flawed. "[T]he doctrine of res ipsa loquitur is a rule of common sense and not a rule of law which dispenses with proof of negligence. It is a convenient formula for saying that a plaintiff may, in some case, sustain the burden of proving that the defendant was more probably negligent than not, by showing how the accident occurred, without offering any evidence to show why it occurred." (Internal quotation marks omitted.) Malvicini v. Stratfield Motor Hotel, Inc.,206 Conn. 439, 442, 538 A.2d 690 (1988). In the third count, the plaintiff relies on the same specific allegations of negligence that support its cause of action for negligence. "Res ipsa is not a cause of action separate from negligence; it is instead one of the ways to establish negligence. . . . Res ipsa cannot survive independently as a separate count for negligence in a complaint that already contains a negligence count." Block v. Kostecki, Superior Court, judicial district of Waterbury, Docket No. 141096 (May 11, 1998, Vertefeuille, J.) (22 Conn.L.Rptr. 71); see also Kowas v. Coca Cola Bottling Co. of NewYork, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 418680 (January 12, 1999, Devlin, J.) (23 Conn.L.Rptr. 611). Accordingly, the defendant's motion for summary judgment is granted as to count three.
Accordingly, the defendant's motion for summary judgment with respect to the first count is denied. Summary judgment is granted in favor of the defendant on the second and third counts of the plaintiff's complaint.
SKOLNICK, J.