[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs filed this action against the defendants, Leahy's Fuels, Inc. (Leahy) and George Russell, Sr., alleging negligence with regard to an oil spill on the plaintiffs' property. Both Leahy and Russell filed cross-claims against each other seeking indemnification. Russell filed seven special defenses to Lealay's indemnification cross-claim, and Leahy now moves to strike the special defenses.
In deciding a motion to strike a special defense, the trial court is limited to a consideration of the facts alleged in the pleadings. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.)Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999). "No facts may be proved under either a general or special denial except such as show that the plaintiffs statements of fact are untrue. Facts which ax consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. . . ." Practice Book § 10-50. The plaintiff is, therefore, entitled to rely upon the complaint when seeking to strike a special defense, because a valid special defense may only allege facts that are consistent with the revised complaint. See id. CT Page 11705
Russell's first special defense alleges the doctrine of res ipsa loquitur; the second special defense alleges that Leahy assumed the risk; the third special defense alleges the Leahy was the agent of the plaintiffs; the fourth special defense alleges that Leahy was contributorily negligent; the fifth special defense alleges that Leahy was on notice of Russell's work at the plaintiffs' home; the sixth special defense alleges that Leahy's action was the proximate cause of the plaintiffs' damages; and the seventh special defense alleges that Leahy failed to lessen the plaintiffs' damages. Leahy now moves to strike all seven special defenses.
 FIRST SPECIAL DEFENSE
Leahy moves to strike the first special defense on the grounds that no independent action of res ipsa loquitur exists. "[T]he doctrine of res ipsa loquitur is a rule of common sense and not a rule of law which dispenses with proof of negligence. It is a convenient formula for saying that a plaintiff may, in some case sustain the burden of proving that the defendant was more probably negligent than not, by showing how the accident occurred, without offering any evidence to show why it occurred." (Emphasis omitted; internal quotation marks omitted.) Malviciniv. Stratfield Motor Hotel, Inc., 206 Conn. 439, 442, 538 A.2d 690
(1988). "Res ipsa is not a cause of action separate from negligence; it is instead one of the ways t establish negligence. . . . Res ipsa cannot survive independently as a separate count for negligence in a complaint that already contains a negligence count." Block v. Kostecki, Superior Court, judicial district of Waterbury, Docket No. 141096 (May 11, 1998,Vertefeuille, J.) (22 Conn. L. Rptr. 71); see also Kowas v. Coca ColaBottling Co. of New York, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 418680 (January 12, 1999, Devlin, J.)
(23 Conn. L. Rptr. 611). The court finds that the doctrine of res ipsa loquitur is not a valid special defense to a indemnification claim based upon negligence. Accordingly, the motion to strike the first special defense is granted.
 SECOND SPECIAL DEFENSE
"[T]he defense of assumption of risk has been statutorily abolished in all negligence actions." Sanders v. Officers Club of Connecticut, Inc.,196 Conn. 341, 353 n. 8, 493 A.2d 184 (1985); see also General Statutes § 52-572h. Accordingly, the motion to strike the second special defense of assumption of risk is granted.
 THIRD, FIFTH, SIXTH AND SEVENTH SPECIAL DEFENSES
Leahy argues that the third, fifth, sixth and seventh special defenses CT Page 11706 are legally insufficient, because they do not establish that Leahy's cross-claim is not a valid cause of action.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corporation, supra, 249 Conn. 17; see also Practice Book § 10-50. The third special defense that Leahy was the agent of the plaintiffs does not bar the indemnification claim against Russell; neither does the allegation of notice in the fifth special defense. The sixth special defense that Leahy's action was the proximate cause of the plaintiffs' damages is also inconsistent with Leahy's indemnification cross-claim against Russell. Accordingly, the court finds that these defenses are invalid and the motion to strike the defenses is granted.
As to the seventh special defense, the "failure to mitigate damages does not meet the definition of a special defense as it does not address the issue of liability." Union Savings Bank of Danbury v. Barry, Superior Court, judicial district of Danbury, Docket No. 320962 (March 14, 1996,Moraghan, J.); see also Waterview Resolution v. LF Credit, Superior Court, judicial district of Danbury, Docket No. 340614 (April 18, 2001,Moraghan, J.). The motion to strike the seventh special defense is therefore granted.
 FOURTH SPECIAL DEFENSE
Leahy moves to strike the fourth special defense on the ground that the doctrine of contributory negligence no longer exists in Connecticut. This is complete misstatement of the law. See General Statutes § 52-114. The motion t strike the fourth special defense is denied.
 CONCLUSION
Accordingly, the motion to strike Russell's first, second, third, fifth, sixth and seventh special defenses to Leahy's cross-claim is granted. The motion to strike the fourth special defense is denied.
Holden, J.