[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO SET ASIDE VERDICT
 FACTS
In this negligence case involving premises liability, the plaintiff has moved to set aside
the verdict directed by this court on October 30, 2001, and to have judgment enter in his favor. The following facts are undisputed. Sometime prior to May, 1999, the plaintiff elicited the help of the defendant to perform some home repairs. On May 29, 1998, the plaintiff, while standing on scaffolding with the defendant, fell to the ground and injured himself. The plaintiff subsequently brought an action against the defendant alleging negligence. At trial, however, the plaintiff presented no direct evidence to substantiate his claims. The court therefore directed a verdict in favor of the defendant. The plaintiff then filed the present motion to set aside the verdict.
The plaintiff contends that the court erred in not allowing the case to go to the jury under the doctrine of res ipsa loquitor; erred in refusing CT Page 2165 to submit the case to the jury on the issue of the defendant's intentional spoilation of evidence; erred in not allowing the case to go to the jury with an instruction regarding the defendant's intentional spoliation of evidence; and erred in ruling that there was no notice of defect where the cause of the plaintiff's inability to produce such evidence was the defendant's intentional spoilation of the evidence.
 DISCUSSION
The standard for ruling on a motion to set aside a verdict is well established. "The trial court has the inherent power to set aside a jury verdict which, in the court's opinion, is either against the law or the evidence." Hunt v. Prior, 236 Conn. 421, 428 n. 21, 673 A.2d 514 (1996). "The decision to set aside a verdict involves the exercise of a broad discretion in the trial court which, in the absence of a clear abuse, will not be disturbed. . . . Thus, the role of the trial court on a motion to set aside the jury's verdict is not to sit as [an added] juror, but, rather, to decide whether, viewing the evidence in the light most favorable to the prevailing party, the jury could reasonably have reached the verdict that it did." (Citations omitted; internal quotation marks omitted.) Id. After a review of the parties' memoranda and the arguments of counsel, this court is of the opinion that the plaintiffs motion should be denied for the following reasons.
In order to implicate res ipsa loquitor, the plaintiff must meet two conditions. "First, the situation, condition or apparatus causing the injury must be such that in the ordinary course of events no injury would have occurred unless someone had been negligent. Second, at the rime of the injury, both inspection and operation must have been in the control of the party charged with neglect." (Internal quotation marks omitted.)Godwin v. Danbury Eve Physicians Surgeons, P.C., 254 Conn. 131, 140,757 A.2d 516 (2000).
Here, the plaintiff provided no evidence to the court, by way of expert testimony or otherwise, that the injury causing event in question usually does not occur without negligence or that the defendant was in exclusive control when the injury occurred. As pointed out by the defendant in his objection, the only evidence presented in this case with regard to the brackets and scaffolding is that of the plaintiff obtaining them from the lumberyard at the behest of the defendant and being on the scaffolding with the defendant when it collapsed. The plaintiff presented no evidence as to who might have erected the scaffolding. By way of testimony, there were at least six people who had access to the scaffolding on the day of the accident. Likewise, the plaintiff presented no evidence to suggest that the defendant inspected the scaffolding prior to its use. As a matter of fact, testimony at trial revealed that the plaintiff himself CT Page 2166 inspected the brackets for the scaffolding prior to its use. Without more, a jury could not reasonably draw an inference that it is more probable than not that the person whose negligence caused the injury was the defendant and not some other person or entity such as the manufacturer, or that the defendant was in exclusive control when the injury occurred. See Malvicini v. Statfield Motor Hotel, Inc.,206 Conn. 439, 446, 538 A.2d 690 (1986). Therefore, this court does not believe that the evidence rises to the level of "more probable than not" to justify submitting the issue of res ipsa loquitor to the jury.
With regard to the intentional spoilation of evidence, this court is of the opinion, based on the evidence presented at trial, that the plaintiff has failed to establish a prima facie case and, therefore, is not entitled to have evidence on the issue or a charge on such evidence submitted to the jury. "[A]n adverse inference may be drawn against a party who has destroyed evidence only if the trier of fact is satisfied that the party who seeks the adverse inference has proven the following. First, the spoliation must have been intentional. . . . Second, the destroyed evidence must be relevant to the issue or matter for which the party seeks the inference. . . . Third, the party who seeks the inference must have acted with due diligence with respect to the spoliated evidence." (Citations omitted.) Beers v. Bayliner Marine Corp.,236 Conn. 769, 777-78, 675 A.2d 829 (1996).
In the present case, the plaintiff has failed to establish a prima facie case for spoilation of evidence. The plaintiff presented no evidence to suggest any possible defect, design or otherwise, in the brackets or scaffolding nor any evidence to suggest that the defendant was on notice that the brackets or scaffolding should have been preserved for use in future litigation. There is no evidence that the plaintiff ever inquired as to the availability of the brackets or scaffolding. The scaffolding and brackets were discarded in a dumpster located on the job site just as all other materials were discarded once they were no longer need and remained in the dumpster, according to the testimony at trial, for some period of time after the accident. These actions do no appear to this court to be the actions of a spoliator.
Furthermore, even assuming that the evidence was destroyed by the defendant, our Supreme Court has stated that such an "inference does not supply the place of evidence of material facts and does not shift the burden of proof so as to relieve the party upon whom it rests of the necessity of establishing a prima facie case. . . . [The] mere fact that evidence was destroyed by the defendant is not proof of primary negligence on the part of the defendant even if it is assumed that such destruction was intentional." (Citations omitted; internal quotation marks omitted.) Id., 779-80. Therefore, this court does not believe that CT Page 2167 the evidence submitted by the plaintiff at trial supports a claim for intentional spoliation of evidence nor a charge to the jury on the issue.
With regard to notice of defect, the plaintiff failed to submit any evidence of a specific defect in the brackets or scaffolding and stated as much through counsel in argument. Therefore, the court need not concern itself with this portion of the plaintiffs argument.
 CONCLUSION
Accordingly, the plaintiff's motion to set aside the verdict is denied
BY THE COURT
 ___________________ Gilardi, J.