[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #106 MOTION FOR SUMMARY JUDGMENT
The plaintiff alleges in her complaint that on or about November 11, 1998, she was on property owned by the defendant. On said date plaintiff claims that she was caused to fall as she walked on a pathway located between the admissions office and the library at 800 Country Club Road, Waterbury, CT due to negligently maintained premises. Plaintiff further asserts that:
 1. The defendant and/or its employees and/or agents were negligent in that they failed to properly illuminate said pathway.
 2. The defendant failed to warn pedestrians of defects, which would cause the defendant's premises to be a hazard for unsuspecting persons.
 3. The defendant was negligent in that if failed to pave or otherwise level the footpath surface.
On March 19, 2002, the defendant filed a motion for summary judgment. The defendant also filed copies of portions of the transcript of the plaintiff's June 21, 2001 deposition.
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
CT Page 12269
QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351
(2001).
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
The moving party asserts there are no genuine issues of material fact and that there weren't any defective conditions on the subject premises. It further asserts that the plaintiff cannot present substantial evidence to raise a question of fact with respect to the condition of the premises being unreasonably dangerous. The moving party furthermore asserts that in light of the foregoing, it is entitled to summary judgment as a matter of law.
On June 11, 2002, the plaintiff filed a memorandum in opposition to motion for summary judgment.[1]
The plaintiff asserts that there is a genuine issue of material fact concerning the defendant's maintenance of the subject pathway.
The duty that a possessor of land has to an invitee is well settled in Connecticut:
 "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to CT Page 12270 discover." (Citation omitted.) Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 323, 327, 612 A.2d 1197
(1992). "An occupier of land is chargeable with constructive notice of defects when dealing with invitees. . . . The determinative question is whether the defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have discovered it and remedied it." (Citation omitted; internal quotation marks omitted.) Kurti v. Becker, 54 Conn. App. 335, 338-39, 733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248 (1999).
 McDermott v. Calvary Baptist Church, 68 Conn. App. 284, 294 (2002).
The defendant, in support of its Motion for Summary Judgment cites a portion of the plaintiff's deposition:
 Q. And again, the area shown on Exhibit 3 at the bottom of the photograph which is pretty much dirt —
A. Uh-huh.
Q. — and was dirt when your accident occurred?
A. Uh-huh,
R. Yes?
A. Yes.
Q. Okay. That's pretty much a level area?
A. Yes.
S. Okay. What caused you to fall?
A. I don't know.
 Q. Was there anything different about the spot where you lost your balance then the surrounding area?
A. No.
 Q. Was there any object that was present that CT Page 12271 contributed to your fall?
A. No.
(See transcript at page 66.)
The plaintiff in support of its objection to the Motion for Summary Judgment also cites a portion of the transcript of the plaintiff's deposition. The excerpt provides in pertinent part that:
 Q. Where you fell was it grass, blacktop, concrete, dirt or something else?
A. Half blacktop, half dirt.
 Q. Where you fell, was it level or was it an incline or decline?
A. Umm, it sloped off and goes to a decline.
(Transcript at page 47)
 A. No. One of the RA's had come to check up on me and said that another young guy had fell and they were told to pace it and they told me I should take pictures. And that's when my roommate said she would take pictures.
 Q. So, a resident's assistant had told you that someone else had fallen?
A. Yeah.
(Transcript at pp. 53, 54)
The plaintiff asserts that the plaintiff's deposition raises several issues of material fact. Among these facts:
1. The pavement was half paved half concrete.
2. It sloped off.
 3. It was a known and frequent use by the university population.
CT Page 12272
4. Another student had previously fallen on the same spot.
The defendant asserts on page two of its memorandum in support of the motion for summary judgment that "[w]here plaintiff's alleged fall occurred the dirt area is level (T at 61)." However this is not an accurate statement. The plaintiff did not testify that the ground was level where she fell. Instead, when she testified, she agreed with questioning counsel that it was a "pretty much level area". A "pretty much level area" is not the same as a "level area". The aforementioned testimony is consistent with the plaintiff's testimony later on in the deposition the ground "sloped off and goes to a decline".
The plaintiff testified in her deposition that she does not know what caused her to fall. She also testified that there was nothing different about the spot where she fell then the surrounding area, and that there weren't any objects present that contributed to her fall. Construing the facts in the plaintiff's best light, even if she was able to prove that there was a defective condition at the subject premises, she is unable to prove that the defective condition was the proximate cause of her fall. As stated by the plaintiff herself, she does not know why she fell. She further states that she does not know of any witnesses to her fall (Transcript at page 64). Plaintiff does not any affidavits or other evidence in support of her objection to the motion for summary judgment that connects any alleged defect to her fall.
The plaintiff's memorandum in opposition and supporting material only goes to the describe what it perceives as a possible defect, i.e., "[t]he subject pathway was half paved and half concrete. It sloped off . . . another student had previously fallen on the same spot". What is missing is a linking up of the alleged defect to the fall, such as the plaintiff tripped on the half paved area or, the slope caused the plaintiff to loose her balance and fall, or the area was not properly lit thereby causing the plaintiff to fall.[2]
 "[a]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented CT Page 12273 to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
 Buell Industries v. Greater New York Mutual Ins., 259 Conn. 527, 550
(2002).
The plaintiff's argument appears to rely on an inference that something about the pathway caused the plaintiff to fall. However, under the current pleadings, a finder of fact could only rely on mere conjecture that the plaintiff's fall was in any way connected to any possible defect on the subject premises. No facts have been presented which would support an inference that the cause of the plaintiff's fall was a defective condition of the pathway.
 "A permissible inference rests upon premises of fact; conjecture does not." Malvicini v. Stratfield Motor Hotel, Inc., 206 Conn. 439, 446, 538 A.2d 690
(1988).
 Cited in Arigno v. Murzin, No. CV-96-0474102-S (Oct. 2, 2001), 2001 Ct. Sup. 13633 (Shapiro, J).
There are no genuine issues of outstanding material fact. The defendant is entitled to summary judgment as a matter of law. The Motion for Summary Judgment is granted.
 Richard A. Robinson, September 13, 2002